Case 7:14-mc-00242   Document 6   Filed on 08/20/21 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
August 20, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| IN RE: § <br> NONJUDICIAL CIVIL FORFEITURE § <br> PROCEEDING INVOLVING A 2010 § <br> LAND ROVER RANGE ROVER HSE § <br> SPORT (VIN: SALSK2D46AA230383) § <br> § <br> § <br> § | MISC. ACTION NO. 7:14-MC-242 |

## REPORT AND RECOMMENDATION

Plaintiff United States has requested that this case be closed in Pacer. (Docket No. 5.) On July 19, 2021, Plaintiff filed a Motion to Dismiss the miscellaneous action as no further court action was required. (Docket No. 3.) On July 27, 2021, the undersigned ordered the Plaintiff to file a response with a more definite statement as to the status of this action, the factual and procedural background, and the authority for the Court to take such action. (Docket No. 4.) On August 9, 2021, Plaintiff filed its Response to the Request for Statement. (Docket No. 5.) In that Response, Plaintiff withdrew the Motion to Dismiss filed on July 19, 2021, and requested that the case be closed in Pacer as no action was filed or pending. (See Docket No. 5.)

As discussed below, Plaintiff did not commence any civil action in this case, and therefore, there is no action pending. Accordingly, the undersigned recommends that this case be closed in Pacer.

## I. BACKGROUND

On February 14, 2014, Plaintiff filed a motion to extend the time to file a complaint for forfeiture and/or obtain an indictment alleging forfeiture per 18 USCA § 983(a)(3)(A). (Docket No. 1.) In that motion, Plaintiff represented that the property in question, a 2010 Land Rover

Range Rover HSE Sport, had been seized by DEA on October 4, 2013, pursuant to a federal seizure warrant. Plaintiff further represented that on November 18, 2013, Beatriz Adriana Fernandez (hereinafter referred to as "Claimant Fernandez") filed a claim to the property with DEA in a nonjudicial civil forfeiture proceeding against the property. By statute, Plaintiff was required to file a complaint for forfeiture against the property and/or to obtain an indictment alleging that the property is subject to forfeiture no later than 90 days after the claim was filed, or February 14, 2014. 18 U.S.C. § 983(a)(3)(A). On February 14, 2014, Plaintiff filed said motion to extend the deadline based on an agreement of the parties pursuant to 18 U.S.C. § 983(a)(3)(A)-(C). (Docket No. 1). On April 5, 2014, that request was granted extending the deadline to February 28, 2014, the date agreed upon by the parties. (Docket No. 2.)

No other filings were made until July 9, 2021, when Plaintiff filed its Motion to Dismiss. (Docket No. 3.) Said motion simply asked to dismiss the miscellaneous action stating that no claims, answers, or further motions were filed or served in this action. It was unclear what happened to the claim made by Claimant Fernandez and what action was taken on the property. Therefore, the undersigned ordered that a more definite statement be made explaining the basis of the Plaintiff's Motion to Dismiss. (Docket No. 4.)

On August 9, 2021, Plaintiff filed its response to the order requiring a more definite statement. (Docket No. 5). Plaintiff explained that on February 26, 2014, after Plaintiff had filed its motion seeking to extend the time to file a civil complaint for forfeiture and/or obtain an indictment alleging forfeiture, Claimant Fernandez withdrew the claim filed in the administrative proceeding. Therefore, Plaintiff did not file a complaint or seek to obtain an indictment for forfeiture. Plaintiff did not judicially forfeit the property and instead DEA administratively forfeited the property. In Plaintiff's Response to the Request for Statement, Plaintiff withdrew the

2

Motion to Dismiss as there was no pending action to dismiss and instead requested the case be closed in Pacer. Plaintiff further asserts that Attorney for Claimant Fernandez is unopposed to the relief requested.

## II. ANALYSIS

This miscellaneous action is subject to being closed for want of prosecution. Rule 3 provides that a civil action is commenced by filing a complaint with the court. FED. R. CIV. P. 3. In the present case, no complaint was ever filed, and thus no civil action was commenced.

Further, Section 983(a)(3)(A) requires that the Government file a complaint for forfeiture or an indictment for forfeiture not later than 90 days after a claim has been filed, unless the Court extends the period for filing a complaint for good cause or upon agreement of the parties. 18 U.S.C. § 983(a)(3)(A). The 90 days expired on February 14, 2014, but was extended by the Court until February 28, 2014. The government did not file a complaint or indictment prior to that date. Section 983(a)(3)(B) provides that if the Government does not file a complaint or obtain an indictment before the time has expired, it must take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute. 18 U.S.C. § 983(a)(3)(B). On February 27, 2014, prior to the expiration of the agreed extension, Claimant Fernandez withdrew her claim and the forfeiture continued forward administratively.

Because no civil action was commenced prior to the agreed extension of February 28, 2014, and because the Plaintiff is not seeking to commence any civil action regarding the property, there is no case to dismiss and the case should simply be closed in Pacer.

## III. CONCLUSION

For the foregoing reasons, the undersigned recommends that the relief requested by the Plaintiff be granted and that this action be closed in Pacer.

## **NOTICE**

The Clerk shall send copies of this Report and Recommendation to Plaintiff and to Attorney Rick Salinas, attorney for Claimant Beatriz Adriana Fernandez, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on August 20, 2021.

Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE